**McGLINCHEY STAFFORD**
John Calvagna (SBN 182609)
Hassan Elrakabawy (SBN 248146)
18201 Von Karman Avenue, Suite 350
Irvine, California 92612
Telephone:  (949) 381-5900
Facsimile:   (949) 271-4040
Email:        jcalvagna@mcglinchey.com
                 helrakabawy@mcglinchey.com

Attorneys for **Defendant SUNTRUST MORTGAGE, INC.**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| CHARLES CHAPPELLE<br>MELNE CHAPPELLE,<br><br>Plaintiffs,<br><br>v.<br><br>SUNTRUST MORTGAGE, INC., and DOES 1-20, Inclusive,<br><br>Defendants. | Case No.: 14-cv-03745-YGR<br><br>Hon. Yvonne Gonzalez Rogers<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT BY DEFENDANT SUNTRUST MORTGAGE, INC.; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Filed concurrently with and Request for Judicial Notice and [Proposed] Order]*<br><br>**DATE:       January 6, 2015**<br>**TIME:        2:00 p.m.**<br>**CTRM:       1**<br><br>State Court Case No. C-14-01359<br>Action Filed:  July 15, 2014<br>Trial Date:     NA |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 6, 2015, at 2:00 p.m., or as soon thereafter as the matter may be heard before the Honorable Judge Yvonne Gonzalez Rogers in Courtroom 1 of the United States District Court for the Northern District of

1

California located at 1301 Clay St., Oakland, CA, 94612, SUNTRUST MORTGAGE, INC. ("SunTrust') will move to dismiss Plaintiffs CHARLES CHAPPELLE and MERLE CHAPPELLE's ("Plaintiffs") Complaint and the first cause of action for Breach of Contract; second cause of action for Intentional Misrepresentation; fourth cause of action for Wrongful Foreclosure[1] and for such other and further relief as the Court deems just and proper, on the grounds that Plaintiffs' Complaint fails to state any legally cognizable claim upon which relief may be granted against Defendants pursuant to Federal Rules of Civil Procedure Rule 12(b)(6).

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Request for Judicial Notice, the [Proposed] Order, and such other and further oral and documentary evidence as may be presented at the hearing of the Motion.

DATED:  December 2, 2014            **McGLINCHEY STAFFORD**

By: /s/ Hassan Elrakabawy
JOHN CALVAGNA
HASSAN ELRAKABAWY
Attorneys for Defendant **SUNTRUST MORTGAGE, INC.**

---

[1] The Complaint labels the third cause of action in the Complaint for Wrongful Foreclosure as the "Fourth Cause of Action."  SunTrust will therefore also refer to the Wrongful Foreclosure claim as the fourth cause of action.

**SUNTRUST'S NOTICE OF MOTION AND MOTION TO DISMISS – CASE NO. 14-CV-03745-YGR**
517266.1

**TABLE OF CONTENTS**

I.   INTRODUCTION ............................................................................................. 1

II.  SUMMARY OF FACTS ................................................................................... 2

III. LEGAL STANDARD ....................................................................................... 2

IV.  PLAINTIFFS' CLAIM FOR BREACH OF CONTRACT FAILS BECAUSE HE HAS NOT ATTACHED COPY OF THE CONTRACT OR ALLEGED ITS PURPORTED TERMS ........................................................ 3

V.   THE COURT SHOULD DISMISS THE SECOND CAUSE OF ACTION FOR INTENTIONAL MISREPRESENTATION .............................. 4

VI.  PLAINTIFFS' FOURTH CAUSE OF ACTION FOR WRONGFUL FORECLOSURE IS PREMATURE AS NO FORECLOSURE HAS OCCURRED OR BEEN INITIATED ................................................................ 6

VII. CONCLUSION ................................................................................................. 8

# **TABLE OF AUTHORITIES**

Page(s)

**Federal Cases**

*In re Actimmune Mktg. Litig.*,
    2010 WL 3463491 (N.D.Cal. Sept. 1, 2010) ............................................................................ 5

*Balistreri v. Pacifica Police Dept.*,
    901 F.2d 696 (9th Cir.1990) ................................................................................................... 2

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................................ 3

*In re Glenfed, Inc. Sec. Litig.*,
    42 F.3d 1541 (9th Cir. 1994) (en banc) .................................................................................. 5

*Graehling v. Village of Lombard, Ill.*,
    58 F.3d 295 (7th Cir.1995) ..................................................................................................... 2

*James River Ins. Co. v. DCMI, Inc.*,
    2012 WL 2873763 (N.D.Cal. July 12, 2012) .......................................................................... 4

*Kane v. Chobani, Inc.*,
    2013 WL 5289253 (N.D.Cal. Sept. 19, 2013) ......................................................................... 6

*Lee v. City of Los Angeles*,
    250 F.3d 662 (9th Cir. 2001) .................................................................................................. 3

*Morris v. BMW of N. Am., LLC*,
    2007 WL 3342612 (N.D. Cal. 2007) ....................................................................................... 5

*Navarro v. Block*,
    250 F.3d 729 (9th Cir. 2001) .................................................................................................. 2

*Newgent v. Wells Fargo Bank, N.A.*,
    2010 WL 761236 (S.D.Cal. 2010) .......................................................................................... 6

*Rahbarian v. JP Morgan Chase*,
    2014 WL 5823103 (E.D.Cal. Nov. 10, 2014) ......................................................................... 7

*Reyes v. Wells Fargo Bank*, N.A.,
    2011 WL 30759 (N.D.Cal. 2011) ............................................................................................ 6

*Rosenfeld v. JPMorgan Chase Bank, N.A.*,
    732 F.Supp.2d 952 (N.D.Cal. 2010) ............................................................................ 7

*Saldate v. Wilshire Credit Corp.*,
    2010 WL 624445 (E.D. Cal. 2010) .............................................................................. 5

*Santa Monica Food Not Bombs v. City of Santa Monica*,
    450 F.3d 1022 (9th Cir.2006) ...................................................................................... 3

*Student Loan Marketing Ass'n v. Hanes*,
    181 F.R.D. 629 (S.D.Cal. 1998) .................................................................................. 3

*Zierolf v. Wachovia Mortgage*,
    2012 WL 6161352 (N.D.Cal. 2012) ........................................................................ 6, 7

**State Cases**

*First Comm'l Mortg. Co. v. Reece*,
    89 Cal.App.4th 731 (2001) .......................................................................................... 3

*Rossberg v. Bank of America, N.A.*,
    219 Cal.App.4th 1481 (2013) .................................................................................. 3, 4

*Secrest v. Security National Mortgage Loan Trust*
    167 Cal.App.4th 544 (2008) ........................................................................................ 4

*Twaite v. Allstate Ins. Co.*,
    216 Cal.App.3d 239 (1989) ......................................................................................... 3

**State Statutes**

Cal. Civil Code § 2923.5 ................................................................................................ 7,8

Cal. Civil Code § 2923.5(b) ............................................................................................... 7

**Other Authorities**

Fed. R. Civ. P. 9(b) ....................................................................................................... 1, 5

Fed. R. Civ. P. 12(b)(6) ..................................................................................................... 2

Fed. R. Evid. 201 .............................................................................................................. 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs CHARLES CHAPPELLE and MERLE CHAPPELLE ("Plaintiffs") are defaulted mortgage borrowers who have filed a Complaint against their lender SUNTRUST MORTGAGE, INC. ("SunTrust"), which fails to state any claim. Plaintiffs undisputedly obtained a $634,400 loan in 2006 from SunTrust, and undisputedly defaulted on the corresponding repayment obligations. Yet now, Plaintiffs bring this action asserting legally and factually flawed claims against SunTrust for breach of an agreement to modify their loan, fraud and wrongful foreclosure.

The defects in Plaintiffs' Complaint are numerous and fundamental.

First, Plaintiffs' breach of contract claim fails for their fundamental failure to adequately allege such claim. Plaintiffs have not attached a copy of the purported contract to the Complaint, nor have they alleged its specific terms or precisely how SunTrust purportedly breached its obligations thereunder as required under California law.

Next, Plaintiffs' claim for intentional misrepresentation fails because Plaintiffs have not pled their fraud-based claim with the requisite specificity under Federal Rule of Civil Procedure 9(b). Nor can Plaintiffs allege that they relied on the purported misrepresentations, or were prejudiced thereby.

Finally, Plaintiffs' cause of action for wrongful foreclosure is premature as the Complaint does not allege that a foreclosure sale has taken place or even that foreclosure proceedings have been initiated.

For all these reasons, discussed in detail below, SunTrust respectfully requests that this Court grant its Motion to Dismiss each cause of action in Plaintiffs' Complaint with prejudice.

## II. SUMMARY OF FACTS

In or around August 2006, Plaintiffs refinanced their home mortgage with a $634,400 loan (the "Loan") from SunTrust.  Request for Judicial Notice ("RJN") Ex. "A" (Deed of Trust).  The Loan was evidenced by a Promissory Note, secured by the Deed of Trust as to the subject property located at 145 Pearce, Hercules, CA (the "Property").  (*Id.*)  *See* Deed of Trust, RJN, Ex. "A."

Plaintiffs defaulted on their loan and, therefore, a Notice of Default was recorded on July 6, 2010.  (RJN, Ex. B.)  That Notice of Default was subsequently rescinded on June 1, 2011.  (RJN, Ex. C.)  No further foreclosure notices have been recorded as to the Property.  (*See* Complaint, *passim.*)

Plaintiffs allege that, subsequently, in November 2011, their loan with SunTrust was modified.  (Compl. ¶ 6.)  Plaintiffs further allege that, "[o]n December 1, 2012 [sic], Plaintiffs tendered payment to [SunTrust] for [their] monthly mortgage bill, and continued to do so every month, up to and including the time of filing of this Complaint."  (*Id.* ¶ 8.)  Plaintiffs allege that such payments were not accepted and returned to them.  (*Id.* ¶¶ 10-15.)  Plaintiffs further allege that, on or about April 15, 2014, they received a Notice of Delinquency from SunTrust indicating the Property was scheduled to be reviewed for foreclosure referral within thirty (30) days and that the total amount due was $128,056.28.  (*Id.* ¶ 16.)  Plaintiffs allege they did not receive "an adequate explanation of why their loan was in arrears."  (*Id.* ¶ 18.)

## III. LEGAL STANDARD

A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1990); *Graehling v. Village of Lombard, Ill.,* 58 F.3d 295, 297 (7th Cir.1995).  A F.R.Civ.P. 12(b)(6) motion "tests the legal sufficiency of a claim."  *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001).

A plaintiff is obliged "to provide the 'grounds' of his 'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes,* 181 F.R.D. 629, 634 (S.D.Cal. 1998).

Finally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss. However, the Court may take judicial notice of matters of public record, provided that they are not subject to reasonable dispute. Fed.R.Evid. 201; *see Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n. 2 (9th Cir.2006); *Lee v. City of Los Angeles*, 250 F.3d 662, 689 (9th Cir. 2001).

## IV. PLAINTIFFS' CLAIM FOR BREACH OF CONTRACT FAILS BECAUSE HE HAS NOT ATTACHED COPY OF THE CONTRACT OR ALLEGED ITS PURPORTED TERMS

The elements of a claim for breach of contract are: "the existence of the contract, performance by or excuse for nonperformance by the plaintiff, breach by the defendant, and damages." *First Comm'l Mortg. Co. v. Reece*, 89 Cal.App.4th 731, 745 (2001). "To state a cause of action for breach of contract, it is absolutely essential to plead the terms of the contract either in *haec verba* or according to legal effect." *Twaite v. Allstate Ins. Co.*, 216 Cal.App.3d 239, 252 (1989). A plaintiff fails to sufficiently plead the terms of the contract if he does not allege in the complaint the terms of the contract or attach a copy of the contract to the complaint. *Id*.

As an initial matter, "an agreement to modify a contract that is subject to the statute of frauds is also subject to the statute of frauds." (*Rossberg v. Bank of America, N.A.*, 219 Cal.App.4th 1481, 1503 (2013).) Under these principles, a loan modification agreement changing the terms of the applicable note and deed of trust—

3

1. as alleged by Plaintiffs here—must be in a writing signed by Bank. (*Ibid.*; accord, *Secrest v. Security National Mortgage Loan Trust* 2002–2, 167 Cal.App.4th 544, 552–553 (2008) [forbearance agreement modifying terms of note and deed of trust was subject to statute of frauds].) Here, Plaintiffs allege that they entered into a written agreement to modify the Loan, "a copy of which is attached as Exhibit 1." (Compl. ¶ 21.) However, the Complaint does not include an Exhibit 1 and does not attach any written agreement. (*See id.*, *passim.*)

Further, there are no facts pled regarding the material terms of the alleged loan modification agreement or what obligations SunTrust allegedly breached. (*See* Compl., *passim*.) Instead, Plaintiffs plead bare recitations of the elements of their purported cause of action for breach of contract. (*Id.* ¶¶ 22-23.) While it is unnecessary for a plaintiff to allege the terms of the alleged contract with precision, *see e.g., James River Ins. Co. v. DCMI, Inc.*, C 11–06345 WHA, 2012 WL 2873763 at *3 (N.D.Cal. July 12, 2012), the Court must be able generally to discern at least what material obligation of the contract the defendant allegedly breached. *See id*. But here, the Complaint fails to detail any of the terms of any alleged loan modification agreement or the parties' obligations thereunder. (*See* Compl., *passim*) Instead, Plaintiffs merely allege that they made payments to SunTrust that were subsequently returned. (*Id.* ¶¶ 10-16.) Without any other facts, the nature and extent of alleged breach of contract cannot be determined. Accordingly, Plaintiffs' first cause of action for breach of contract should be dismissed for failure to adequately allege their claim.

## V. THE COURT SHOULD DISMISS THE SECOND CAUSE OF ACTION FOR INTENTIONAL MISREPRESENTATION

Plaintiffs' second cause of action for intentional misrepresentation claim against SunTrust relies on two alleged misrepresentations: (1) SunTrust told allegedly told Plaintiffs it would be completing a system changes to show Plaintiffs' mortgage loan as current (*see* Compl. ¶ 27); and (2) SunTrust told Plaintiffs that their mortgage loan was delinquent and that a balance the total owed by Plaintiffs to SunTrust to make the

4

mortgage loan current was $128,056.28.  (*Id*. ¶ 29.)  Such allegations are insufficient to maintain Plaintiffs' fraud-based cause of action.

When pleading a fraud claim, Rule 9(b) requires the party alleging fraud to state with particularity the circumstances constituting the fraud.  Fed. R. Civ. Proc. 9(b).  To satisfy Rule 9(b)'s standard, the complaint must allege "particular facts going to the circumstances of the fraud, including time, place, persons, statements made and an explanation of how or why such statements are false or misleading." *Morris v. BMW of N. Am., LLC*, 2007 WL 3342612, at *3 (N.D. Cal. 2007) (citing *In re Glenfed, Inc. Sec. Litig*., 42 F.3d 1541, 1547-48 n.7 (9th Cir. 1994) (en banc)).  In a fraud action against a corporation, the complaint must "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Saldate v. Wilshire Credit Corp*., 2010 WL 624445 (E.D. Cal. 2010), quoting *Tarmann v. State Farm Mut. Auto. Ins. Co*., 2 Cal.App.4th 153, 157 (1991).  The complaint must also "set forth what is false or misleading about a statement, and why it is false.  In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading." *In Re Glenfed, Inc. Securities Litig.*, 42 F.3d 1541, 1548 (9th Cir.1994) (en banc).

Here, Plaintiffs' Complaint "is shot through with general allegations that the 'defendants' engaged in fraudulent conduct." *Id*. at 765; *see e.g.,* Compl., ¶¶ 10-17, 25-29.  Plaintiffs do not "explicitly aver 'the who, what, when, where, and how' " of SunTrust's alleged fraudulent conduct. *In re Actimmune Mktg. Litig.*, No. 08–02376, 2010 WL 3463491, at *9 (N.D.Cal. Sept. 1, 2010).  Plaintiffs' conclusory allegations that SunTrust made misrepresentations to Plaintiffs regarding the amounts owing under their Loan is insufficient to give SunTrust "notice of the particular misconduct which is alleged to constitute the fraud charged so that [SunTrust] can defend against the charge...." *See Semegen*, 780 F.2d at 731.

Further, even assuming these allegations to be true, they are insufficient to maintain Plaintiffs' causes of action because they have failed to allege actual reliance on any fraudulent conduct. *See Kane v. Chobani, Inc.*, No. 12–2425, 2013 WL 5289253, at *6 (N.D.Cal. Sept. 19, 2013). "In the context of mortgage foreclosures, courts applying California law have generally been reluctant to permit borrowers to assert negligent or intentional misrepresentation claims arising out of modification agreements ..., whether styled as claims for breach of contract, conversion or fraud. *Reyes v. Wells Fargo Bank*, N.A., No. C–10–01667 JCS, 2011 WL 30759, at *13 (N.D.Cal. 2011). Other courts facing similar claims have granted motions to dismiss on these grounds. *See Newgent v. Wells Fargo Bank, N.A.*, 09CV1525 WQH, 2010 WL 761236, at *6–7 (S.D.Cal. 2010) (finding that because the "Plaintiff was already legally obligated to make payments on her mortgage ... reliance on the promise that Wells Fargo would delay the trustee's sale was not detrimental"); *Zierolf v. Wachovia Mortgage*, C–12–3461 EMC, 2012 WL 6161352, at *5–7 (N.D.Cal. 2012), appeal dismissed (July 31, 2013) (finding "[t]he risk that one's home loan could go into default and one's home be sold at a foreclosure auction for nonpayment is a remedy provided in the loan agreement itself, not a consequence of allegedly relying on promises to process a loan modification"). Moreover, as discussed further below, Plaintiffs have not alleged that a foreclosure sale has taken place or even been initiated. (*See* Compl., *passim*)

As Plaintiffs have failed to plead the details of SunTrust's alleged fraudulent conduct with sufficient particularity and failed to plead actual reliance or damages, this claim must be dismissed.

## VI. PLAINTIFFS' FOURTH CAUSE OF ACTION FOR WRONGFUL FORECLOSURE IS PREMATURE AS NO FORECLOSURE HAS OCCURRED OR BEEN INITIATED

The elements of a wrongful foreclosure claim are: "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a

1  power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually
2  but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases
3  where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered
4  the amount of the secured indebtedness or was excused from tendering." *Id*.
5        The basic reason for dismissal of Plaintiffs' fourth cause of action is that
6  Plaintiffs have not alleged that a foreclosure sale has occurred, which is a prerequisite
7  for a wrongful foreclosure claim. *See Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732
8  F.Supp.2d 952, 961 (N.D.Cal. 2010) ("A lender or foreclosure trustee may only be
9  liable to the mortgagor or trustor for wrongful foreclosure if the property was
10 fraudulently or illegally sold under a power of sale contained in a mortgage or deed of
11 trust.  Here, there is no dispute that a foreclosure sale did not take place.  Accordingly,
12 the Court finds that [the wrongful foreclosure] cause of action is premature.") (citing
13 *Munger v. Moore*, 11 Cal.App.3d 1, 7 (1970)).  As discussed above, a notice of
14 default was previously recorded as to the property, however, it was subsequently
15 rescinded.  (*See* RJN, Ex. B, C.)  The Complaint does not allege that a foreclosure of
16 the Property has subsequently taken place or even been initiated.  (*See* Compl.,
17 *passim*.)  The allegation that Plaintiffs recently received a letter that their Loan would
18 be "reviewed for foreclosure referral" confirms that a foreclosure sale has not
19 occurred and/or been initiated or scheduled as the "review for foreclosure referral" is
20 still to be conducted.  (*Id*. ¶ 43.)  Therefore, Plaintiffs' wrongful foreclosure claim is
21 premature and this Court must dismiss it.  *See Rahbarian v. JP Morgan Chase*, No.
22 2:14-CV-01488 JAM, 2014 WL 5823103, at *9 (E.D.Cal. Nov. 10, 2014)
23 Furthermore, amendment would be futile, because the Complaint acknowledges that
24 no sale has occurred.  *Id.*
25       For the same reason, Plaintiffs cannot assert a claim under Civil Code section
26 2923.5 (*see* Compl, ¶¶ 44-45), which requires that a notice of default "include a
27 declaration" stating that an authorized agent has contacted (or attempted to contact)
28 the borrower.  Cal. Civ. Code, § 2923.5(b).  As noted above, a prior Notice of Default

was rescinded and no other foreclosure notices have been recorded as to the Property. (*See* RJN, Exs. B, C; Compl., *passim*)  Accordingly, Plaintiffs' cause of action for violation of Civil Code section 2923.5 and wrongful foreclosure should be dismissed with prejudice.

## VII.  CONCLUSION

The Complaint is defective.  It fails to state a claim against SunTrust.  The Motion to Dismiss should be granted with prejudice.

DATED:  December 2, 2014                    **McGLINCHEY STAFFORD**


By:   /s/  Hassan Elrakabawy
        JOHN CALVAGNA
        HASSAN ELRAKABAWY
Attorneys for Defendant **SUNTRUST MORTGAGE, INC.**