UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**CHARLES CHAPPELLE, ET AL.**,

Plaintiffs,

v.

**SUNTRUST MORTGAGE, INC.**,

Defendant.

Case No. 14-cv-03745-YGR

**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**

Re: Dkt. No. 17

On December 2, 2014, defendant Suntrust Mortgage, Inc. filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Dkt. No. 17 ("Mot.").)[1] Plaintiffs Charles and Melne Chappelle opposed the motion. (Dkt. No. 22 ("Oppo.").) Thereafter, the Court referred the case to the alternative dispute resolution unit. (Dkt. No. 23.) On June 30, 2015, the parties informed the Court that they were unable to reach a settlement. (Dkt. No. 53.) The Court thereafter informed the parties that it would take the motion to dismiss under submission.[2]

Having reviewed the papers submitted and the pleadings, and good cause shown, the Court hereby **GRANTS** defendant's motion to dismiss **WITH LEAVE TO AMEND**.

The complaint, initially filed in state court, stems from plaintiffs' purchase of the subject property at 145 Pearce Street, Hercules, California. (Dkt. No. 2-1 ("Complaint").) The property

---

[1] Defendant filed a request for judicial notice of publicly recorded documents in connection with its motion. (Dkt. No. 18.) The Court **GRANTS** the request pursuant to Federal Rule of Evidence 201. "[A] court may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

[2] Having reviewed the papers submitted, the Court has determined that the motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

was purchased with an adjustable rate mortgage issued by defendant. (*Id.* ¶ 4-5.) Around November 2011, plaintiffs allegedly entered into a loan modification agreement with defendant, during which time defendant "failed to advise the [plaintiffs] with any information regarding any increase in payment amount or any separate payments that would be due on the modified loan." (*Id.* ¶ 7.) Plaintiffs continued to "tender[] payment to defendant for his [*sic*] monthly mortgage bill" through the filing of the complaint on July 11, 2014. (*Id.* ¶ 8.) In April 2012, defendant purportedly notified plaintiffs, "without explanation," that the mortgage payment tendered that month could not be accepted. (*Id.* ¶ 10.) Various communications followed regarding the purportedly insufficient payments. (*Id.* ¶ 11-12.) On November 13, 2013, plaintiffs purportedly received a letter from defendant noting defendant "will be completing system changes to show that [plaintiffs'] mortgage loan is now current." (*Id.* ¶ 13.) In April 2014, plaintiffs received a Notice of Delinquency, indicating the subject property was scheduled for foreclosure as a result of a $77,917.96 shortfall in payments. (*Id.* ¶ 14.) Plaintiffs allege causes of action for: (i) breach of contract; (ii) intentional misrepresentation; and (iii) wrongful foreclosure.[3] (*Id.* ¶¶ 19-46.)

Defendant challenges the sufficiency of the pleadings as to each cause of action, and seeks dismissal without leave to amend. In opposing the motion, plaintiffs effectively concede the current pleadings are insufficient, but seek leave to amend to correct certain of the deficiencies. For example:

1. As to their breach of contract claim, plaintiffs "acknowledge that a copy of the contract was inadvertently not attached to the original complaint" and, because the "defects in the complaint can be easily cured by attaching a copy of the modification contract," plaintiffs "respectfully request leave to amend the Complaint as to the first cause of action." (Oppo. at 3-4.)

2. As to the intentional misrepresentation claim, plaintiffs "acknowledge that, as this cause of action is pleaded against a corporation, the complaint must allege 'the

---

[3] The third cause of action is referred to in the complaint as the "fourth cause of action," apparently a typographical error.

names of the person who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.'" (*Id*. at 4.) As such, plaintiffs "request leave to amend so that investigation can be conducted to ensure the required information can be included in future pleadings." (*Id*.)

3. As to the wrongful foreclosure cause of action, plaintiffs "acknowledge that a cause of action for wrongful foreclosure is inappropriate at this time," as defendant has "not yet initiated foreclosure proceedings on the subject property," and has rescinded the Notice of Default. (*Id*. at 5.)

In light of these concessions, the Court **GRANTS** the motion **WITH LEAVE TO AMEND**. Leave to amend is liberally granted where doing so would not be an act of futility. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Chodos v. West Pub. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). Accordingly, plaintiffs shall file an amended complaint within fourteen (14) days from the date of this Order. Allegations of fraud or fraudulent conduct must satisfy Rule 9(b)'s heightened pleading standard. Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."); *see also Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (To be alleged with particularity under Rule 9(b), a plaintiff must allege "the 'who, what, when, where, and how'" of the alleged fraudulent conduct.) Plaintiffs' counsel is reminded of the obligations prescribed by Rule 11. Unless a plausible claim is alleged, the complaint will be dismissed without leave to amend. Defendant shall file its response to the amended complaint within twenty-one (21) days from when the amended complaint is filed.

This Order terminates Docket Number 17.

**IT IS SO ORDERED.**

Dated: September 2, 2015

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**