UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHARLES CHAPPELLE, ET AL.,**<br><br>           Plaintiffs,<br><br>     v.<br><br>**SUNTRUST MORTGAGE, INC.,**<br><br>           Defendant. | Case No.  14-cv-03745-YGR<br><br>**ORDER (1) DENYING MOTION TO STRIKE FIRST AMENDED COMPLAINT; (2) DENYING MOTION FOR TELEPHONIC APPEARANCE AS MOOT; AND (3) SETTING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. Nos. 57, 60 |

On September 2, 2015, the Court granted defendant's motion to dismiss three of the four causes of action in the initial complaint,[1] with leave to amend. (Dkt. No. 55.) Any amended complaint was to be filed within fourteen days, or by September 16, 2015. (*Id*. at 3.) Plaintiffs filed a First Amended Complaint on October 23, 2015. (Dkt. No. 56 ("FAC").)[2] Thereafter, on November 10, 2015, defendant filed both a motion to strike the FAC as untimely (Dkt. No. 57) and an answer to the FAC (Dkt. No. 58). Plaintiffs opposed the motion on November 23, 2015. (Dkt. No. 59.) Defendant failed to file a reply brief in support of the motion by the December 1, 2015 deadline. *See* Civ. L.R. 7-3.[3] The Court finds the motion appropriate for decision without

---

[1] The version of the initial complaint filed along with defendant's notice of removal omits two pages apparently containing the third cause of action, which was not challenged in defendant's motion to dismiss. (Dkt. No. 2-1.) The causes of action in that complaint were apparently (1) breach of contract; (2) intentional misrepresentation; (3) negligent misrepresentation; and (4) wrongful foreclosure.

[2] The FAC contains two causes of action: (1) breach of contract, and (2) negligent misrepresentation. A loan modification agreement is attached as an exhibit to the FAC in support of the breach of contract claim, which plaintiffs earlier claimed had been "'inadvertently not attached to the original complaint.'" (Dkt. No. 55 at 2.)

[3] Moreover, defendant's untimely reply fails to respond to the substantive points raised in plaintiffs' opposition brief, largely reiterating the arguments presented in its motion. (*See generally* Dkt. No. 61.) The untimeliness is therefore irrelevant as the brief does not impact the outcome addressed herein.

oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991). Thus, the hearing set for December 15, 2015 is **VACATED** and the motion to appear by telephone at the hearing (Dkt. No. 60) is **DENIED** as moot.

Defendant moves to strike the FAC pursuant to Federal Rule of Civil Procedure 12(f), arguing (1) the FAC was untimely filed; and (2) the amended allegation as to Count II (negligent misrepresentation) fail to satisfy Rule 9(b)'s pleading requirements.

A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) *rev'd on other grounds*, 510 U.S. 517 (1994)). "Motions to strike 'are generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice.'" *Shaterian v. Wells Fargo Bank, N.A.*, 829 F. Supp. 2d 873, 879 (N.D. Cal. 2011) (quoting *Rosales v. Citibank, Fed. Sav. Bank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001)). Given the disfavored status of Rule 12(f) motions, "courts often require a showing of prejudice by the moving party before granting the requested relief." *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079, 1122 (E.D. Cal. 2012) (quoting *California Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002)). "If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013) (quoting *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004)). Whether to grant a motion to strike is a matter committed to the sound discretion of the district court. *See Whittlestone*, 618 F.3d at 973 (citing *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000)).

Here, as noted above, defendant first argues that the entire FAC should be stricken as untimely. Plaintiffs respond that their initial intent was to rest on the sole remaining cause of

action for negligent representation and not to file an amended complaint. (Dkt. No. 59 at 4.) Thereafter, defendant apparently raised an issue of "inconsistencies in the pleadings" resulting from "inconsistent versions of the original Complaint," which prompted plaintiffs to file the FAC. (*Id*.) In light of these circumstances, for which defendant may be partly responsible, the Court declines to strike the FAC as untimely.

Defendant next argues the negligent misrepresentation claim should be stricken for failing to satisfy Rule 9(b)'s heightened pleading requirements. As a threshold matter, the Court notes that this argument is more appropriately raised in the context of a motion to dismiss pursuant to Rule 12(b)(6). Regardless, this argument was waived insofar as the present Rule 12(f) motion is concerned due to defendant's failure to raise it in connection with the earlier Rule 12(b)(6) motion to dismiss. Federal Rule of Civil Procedure 12(g)(2) provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." One treatise describes the rule as follows:

> Simply stated, the objective of the . . . rule is to eliminate unnecessary delay at the pleading stage. Subdivision (g) contemplates the presentation of an omnibus pre-answer motion in which the defendant advances every available Rule 12 defense and objection he may have that is assertable by motion. The defendant cannot delay the filing of a responsive pleading by interposing these defenses and objections in piecemeal fashion, but must present them simultaneously. Any defense that is available at the time of the original motion, but is not included, may not be the basis of a second pre-answer motion.

Fed. Prac. & Proc. Civ. § 1384 (3d ed.).

In light of the foregoing, the motion is **DENIED**. The Court **SETS** a further Case Management Conference for **January 25, 2016**.

This Order terminates Docket Numbers 57, 60.

**IT IS SO ORDERED.**

Dated: December 4, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**